IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Adam Joseph Demers,                  )
                                     )
            Plaintiff,               )
                                     )    Civil Action No. 5:12-2742-SB
v.                                   )
                                     )
Carolyn W. Colvin, Acting            )         **ORDER**
Commissioner of Social Security      )
Administration,                      )
                                     )
            Defendant.               )
_____ )

This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied the Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The record includes the report and recommendation ("R&R") of United States Magistrate Judge Kaymani D. West, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73.02(B)(2)(a), D.S.C. In the R&R, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. The Plaintiff filed timely objections to the R&R, and the matter is ripe for review. See 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's R&R within fourteen days after being served a copy).

## BACKGROUND

The Plaintiff filed applications for DIB and SSI in November of 2009, alleging a disability onset date of October 8, 2007, due to severe pain in his lower back and sleeping problems. His claims were denied initially and upon reconsideration. On July 28, 2010, the Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held

a hearing on January 21, 2011, at which the Plaintiff appeared and testified. At the hearing, the Plaintiff amended his alleged onset date to November 4, 2009. On February 4, 2011, the ALJ issued a decision denying the Plaintiff's claims. The Appeals Council subsequently denied the Plaintiff's request for review of the ALJ's decision, thereby making the ALJ's determination the final decision of the Commissioner.

The Plaintiff was born on July 9, 1980, and he was twenty-nine as of his amended alleged onset date and thirty at the time of the ALJ's final decision. He graduated from high school with a certificate instead of a diploma because he was in special education classes. The Plaintiff's employment history includes work as a grounds maintenance man, logging deck man, heavy equipment operator, dredging deckhand, and a customer assistant in the Wal-Mart lawn and garden department. At the administrative hearing, the Plaintiff testified that he was 5'9" and weighed 364 pounds after losing fifty pounds on weight loss medication. (Tr. at 34.) He also testified that he suffers from lower back pain that sometimes radiates into his legs. (Id. at 38-39.) At the time of the hearing, the Plaintiff was separated from his wife but had primary custody of their three children.

## STANDARD OF REVIEW

### I.    The Magistrate Judge's R&R

The Court conducts a de novo review to those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations contained in the report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. Id.

2

## II.    Judicial Review of a Final Decision

The role of the federal judiciary in the administrative scheme as established by the Social Security Act is a limited one.  Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002).  "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celecbreeze, 368 F.2d 640, 642 (4th Cir. 1966)).  In assessing whether substantial evidence exists, the reviewing court should not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency.  Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

## I.    The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability.  The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

3

expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

Mastro, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. Walls, 296 F.3d at 290.



Here, the ALJ determined that the Plaintiff had not engaged in substantial gainful activity since November 4, 2009. At step two the ALJ found that the Plaintiff suffered from the severe impairments of obesity and degenerative disc disease. Third, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404,

Subpart P, Appendix 1. Next, the ALJ determined that the Plaintiff is unable to perform any past relevant work. Finally, the ALJ concluded that, based upon the Plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that the Plaintiff can perform. Therefore, the ALJ found that the Plaintiff was not disabled.

## II.     The Instant Action

The Plaintiff argues that the ALJ erred by: (1) failing to properly assess the opinion of the Plaintiff's treating physician, Dr. Michael R. Smith; (2) failing to obtain testimony from a vocational expert; and (3) failing to explain his findings regarding the Plaintiff's residual functional capacity ("RFC"). The Magistrate Judge rejected all of the Plaintiff's arguments, finding that: (1) substantial evidence supports the ALJ's treatment of Dr. Smith's opinion; (2) the ALJ did not err by using the Grids rather than vocational expert testimony; and (3) the ALJ adequately explained his RFC determination. In his objections to the R&R, the Plaintiff argues that the Magistrate Judge erred in finding that the ALJ: (1) properly weighed Dr. Smith's opinion and (2) adequately explained his RFC determination.

The opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2); Mastro, 270 F.3d at 178. "By negative implication, if a treating physician's opinion is not supported by clinical evidence or if it is inconsistent with the other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). Under such circumstances, "the ALJ holds the

5

discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Mastro, 270 F.3d at 178 (citing Hunter, 993 F.2d at 35. Social Security Ruling 96-2p requires an ALJ to give specific reasons for the weight given to a treating physician's medical opinion.

With respect to residual functional capacity ("RFC"), step four of the sequential evaluation process requires the ALJ to assess a claimant's ability to "meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1520(a)(4). In determining a claimant's RFC, the Commissioner "must first identify the individual's functional limitations or restrictions" and provide a narrative "describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." S.S.R. 96-8P, 61 Fed. Reg. 34474, 34475, 34478 (July 2, 1996).

Here, the ALJ found that the claimant has the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). Pursuant to those sections:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a) and 416.967(a). In addition to the foregoing, the ALJ found that the Plaintiff "is able to lift and carry up to 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour workday, and stand and walk occasionally," but that the Plaintiff can only perform climbing and overhead reaching occasionally. (Tr. at 15.)

In making his RFC determination, the ALJ stated that he accorded significant weight to the opinion of Dr. Smith due to the treating relationship between Dr. Smith and the

Plaintiff.  The ALJ referred to the undated physician's statement of Dr. Smith, where Dr. Smith indicated that the Plaintiff was permanently disabled but could work full time with restrictions.  Specifically, Dr. Smith indicated that the Plaintiff could perform work requiring a maximum of four hours of sitting per day; two hours of standing and walking; four hours of keyboarding; and occasional climbing of stairs and ladders.  With respect to kneeling/squatting; bending/stooping; pushing/pulling; and lifting/carrying, Dr. Smith wrote what appears to be a "0."  Despite writing a "0" beside lifting/carrying, however, Dr. Smith also wrote that the Plaintiff could not lift/carry more than thirty pounds for more than two hours per day.

The ALJ stated that he found Dr. Smith's notations unclear but nonetheless stated that he accorded significant weight to Dr. Smith's opinion, noting that he believed the opinion was essentially the same as the RFC assessment of sedentary work with certain limitations. The Plaintiff asserts that the ALJ was correct to accord significant weight to the treating physician's opinion; however, the Plaintiff asserts that the ALJ erred (1) by rejecting certain portions of Dr. Smith's opinion without any explanation and (2) by finding that Dr. Smith's assessment was essentially the same as the RFC assessment.  After review, the Court is constrained to agree with the Plaintiff.

On the one hand, the ALJ stated that he accorded significant weight to Dr. Smith's opinion due to the treating relationship.  On the other hand, the ALJ's RFC assessment ignored certain portions of Dr. Smith's opinion without any explanation. For example, the ALJ found that the Plaintiff could sit for six hours in an eight-hour workday, while Dr. Smith opined that the Plaintiff could sit for only four hours in an eight-hour workday. As another example, the ALJ indicated no limitations on the Plaintiff's ability to kneel/squat;

7

bend/stoop; or push/pull, while Dr. Smith indicated that the Plaintiff could not do those things at all.[1]  In the R&R, the Magistrate Judge referred to the Plaintiff's activities of daily living, which the ALJ found inconsistent with the Plaintiff's alleged limitations, as providing substantial evidence to support the ALJ's decision to ignore certain portions of Dr. Smith's opinion.  The problem with this rationale, however, is that the ALJ never stated that he was ignoring certain portions of Dr. Smith's opinion.  Rather, the ALJ stated that he was according significant weight to Dr. Smith's opinion, while at the same time he ignored certain portions of that opinion without explaining why.

Moreover, although the ALJ found Dr. Smith's opinion "essentially consistent with sedentary work," sedentary work as defined in the Dictionary of Occupational Titles[2] requires sitting "most of the time."  In addition, Social Security Ruling 96-9p provides that sedentary work generally requires a total of six hours of sitting per eight-hour workday. See also Wilson v. Heckler, 743 F.2d 218, 221 (4th Cir. 1984).  As previously mentioned, Dr. Smith limited the Plaintiff to four hours of sitting each workday, but the ALJ ignored this portion of Dr. Smith's opinion with no explanation.  Because the ALJ failed to adequately explain his decision to ignore certain portions of Dr. Smith's opinion, and because those portions of Dr. Smith's opinion conflict with the ALJ's RFC determination, it is impossible for the Court to find that substantial evidence supports the ALJ's decision.  Accordingly,



---

[1] To the extent the ALJ found Dr. Smith's "0" notations inconsistent or insufficient, the regulation in effect when the ALJ issued his decision required him to re-contact the medical source to resolve the conflict.  See 77 Fed. Reg. 10651-01 (Feb. 23, 2012).

[2] Section 404.1567 states that "sedentary work" has the same meaning as included in the Dictionary of Occupational Titles.  See U.S. Dep't of Labor, DOT app. C § IV.c (4th ed. rev.1991), https://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTAPPC.HTM (last visited Feb. 26, 2013).

the Court finds that a remand is necessary to allow the ALJ to clearly state the reasons for discounting certain portions of the treating physician's opinion as well as to properly explain the RFC determination, including the evidence that supports the RFC determination. Upon remand, the Commissioner should seek clarification of any portions of Dr. Smith's opinion that the Commissioner considers unclear, and the Commissioner may wish to accept additional evidence due to the passage of time in this matter.

### CONCLUSION

Based on the foregoing, the Court declines to adopt the R&R (Entry 32) and instead remands this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) and 1383(c)(3) for further proceedings consistent with this order.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

February **27**, 2014
Charleston, South Carolina

#9

9