IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

Adam Joseph Demers, )
)
    Plaintiff, )
)
v. ) Civil Action No. 5:12-2742-SB
)
Carolyn W. Colvin, Acting ) **ORDER**
Commissioner of Social Security )
Administration, )
)
    Defendant. )
_____)



This matter is before the Court upon the Plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Specifically, the Plaintiff requests $4,773.00 in attorney's fees (25.8 hours at the hourly rate of $185.00), plus $23.00 in costs. The government opposes the Plaintiff's motion.

## BACKGROUND

The Plaintiff filed applications for DIB and SSI in November of 2009, alleging a disability onset date of October 8, 2007, due to severe pain in his lower back and sleeping problems. His claims were denied initially and upon reconsideration. On July 28, 2010, the Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on January 21, 2011, at which the Plaintiff appeared and testified. At the hearing, the Plaintiff amended his alleged onset date to November 4, 2009. On February 4, 2011, the ALJ issued a decision denying the Plaintiff's claims. The Appeals Council subsequently denied the Plaintiff's request for review of the ALJ's decision, thereby making the ALJ's determination the final decision of the Commissioner.

The Plaintiff was born on July 9, 1980, and he was twenty-nine as of his amended

alleged onset date and thirty at the time of the ALJ's final decision. He graduated from high school with a certificate instead of a diploma because he was in special education classes. The Plaintiff's employment history includes work as a grounds maintenance man, logging deck man, heavy equipment operator, dredging deckhand, and a customer assistant in the Wal-Mart lawn and garden department. At the administrative hearing, the Plaintiff testified that he was 5'9" and weighed 364 pounds after losing fifty pounds on weight loss medication. (Tr. at 34.) He also testified that he suffers from lower back pain that sometimes radiates into his legs. (Id. at 38-39.) At the time of the hearing, the Plaintiff was separated from his wife but had primary custody of their three children.

The Plaintiff filed this action on September 21, 2012, alleging that the Commissioner erred: (1) by failing to properly assess his treating physician's opinion; (2) by failing to obtain testimony from a vocational expert; and (3) by failing to explain his findings regarding the Plaintiff's residual functional capacity ("RFC"). On September 30, 2013, United States Magistrate Judge Kaymani D. West issued a report and recommendation ("R&R") rejecting the Plaintiff's arguments and finding that the Commissioner's decision to deny benefits was supported by substantial evidence. Thus, the Magistrate Judge recommended that the Court affirm the Commissioner's final decision.

The Plaintiff filed objections to the R&R, and after consideration, this Court issued an order on February 28, 2014, declining to adopt the R&R and finding that a remand was necessary to allow the ALJ to clearly state the reasons for discounting certain portions of the treating physician's opinion as well as to properly explain the RFC determination. Specifically, the Court stated:

On the one hand, the ALJ stated that he accorded significant weight to Dr.

2

Smith's opinion due to the treating relationship. On the other hand, the ALJ's RFC assessment ignored certain portions of Dr. Smith's opinion without any explanation. For example, the ALJ found that the Plaintiff could sit for six hours in an eight-hour workday, while Dr. Smith opined that the Plaintiff could sit for only four hours in an eight-hour workday. As another example, the ALJ indicated no limitations on the Plaintiff's ability to kneel/squat; bend/stoop; or push/pull, while Dr. Smith indicated that the Plaintiff could not do those things at all.[1] In the R&R, the Magistrate Judge referred to the Plaintiff's activities of daily living, which the ALJ found inconsistent with the Plaintiff's alleged limitations, as providing substantial evidence to support the ALJ's decision to ignore certain portions of Dr. Smith's opinion. The problem with this rationale, however, is that the ALJ never stated that he was ignoring certain portions of Dr. Smith's opinion. Rather, the ALJ stated that he was according significant weight to Dr. Smith's opinion, while at the same time he ignored certain portions of that opinion without explaining why.

Moreover, although the ALJ found Dr. Smith's opinion "essentially consistent with sedentary work," sedentary work as defined in the Dictionary of Occupational Titles[2] requires sitting "most of the time." In addition, Social Security Ruling 96-9p provides that sedentary work generally requires a total of six hours of sitting per eight-hour workday. See also Wilson v. Heckler, 743 F.2d 218, 221 (4th Cir. 1984). As previously mentioned, Dr. Smith limited the Plaintiff to four hours of sitting each workday, but the ALJ ignored this portion of Dr. Smith's opinion with no explanation. Because the ALJ failed to adequately explain his decision to ignore certain portions of Dr. Smith's opinion, and because those portions of Dr. Smith's opinion conflict with the ALJ's RFC determination, it is impossible for the Court to find that substantial evidence supports the ALJ's decision.

(Entry 43 at 7-8.)

## STANDARD OF REVIEW

Pursuant to EAJA, a party who prevails in litigation against the United States is



---

[1] To the extent the ALJ found Dr. Smith's "0" notations inconsistent or insufficient, the regulation in effect when the ALJ issued his decision required him to re-contact the medical source to resolve the conflict. See 77 Fed. Reg. 10651-01 (Feb. 23, 2012).

[2] Section 404.1567 states that "sedentary work" has the same meaning as included in the Dictionary of Occupational Titles. See U.S. Dep't of Labor, DOT app. C § IV.c (4th ed. rev.1991), https://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTAPPC.HTM (last visited Feb. 26, 2013).

entitled to an award of attorney's fees and costs upon timely petition, as long as the government's position was not "substantially justified" and no special circumstances make such an award unjust. Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991). The present case turns on the question of whether the government's position was "substantially justified."

In evaluating a request for attorney's fees and costs pursuant to EAJA, the government bears the burden of proving that its position was substantially justified, and to meet its burden, the government must establish that its case has a reasonable basis in both law and fact. "In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts." Thompson v Sullivan, 980 F2d 280, 281 (4th Cir. 1992). "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness." Pierce v. Underwood, 487 U.S. 552, 566 (1988). However, "a position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at n. 2.

The government's burden of showing substantial justification is a strong one, and it is not met merely because the government produces "some evidence" in support of its position. Petrella v. Sec. of Health & Human Servs., 654 F.Supp. 174, 177 (M.D. Pa. 1987) (citing Washington v. Heckler, 756 F.2d 959, 961 (3d Cir. 1985)). In evaluating the government's position, courts must do so in light of the standards in existence when the decision was rendered. Id. Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's

4

position was not substantially justified. Randolph v. Sullivan, 738 F.Supp. 305, 306 (C.D.Ill. 1990). The test of reasonableness represents a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous. Sierra Club v. Sec. of Army, 820 F.2d 513, 518 (1st Cir. 1987) (internal citations and quotations omitted).

## DISCUSSION

Here, the Plaintiff asserts that the government's factual and legal positions in this case were not substantially justified because the ALJ's failure to adequately explain his decision made it impossible for the Court to find that substantial evidence supported the decision. As the government points out in its response to the Plaintiff's motion, however, the standard for determining whether a position was substantially justified pursuant to EAJA is not the same as the Social Security Act's substantial evidence standard. See Pullen v. Bowen, 820 F.2d 105, 108 (4th Cir. 1987) ("[T]he reversal of an agency [decision] for lack of substantial evidence does not raise a presumption that the agency was not substantially justified."), *abrogated on other grounds as recognized in* Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988); see also Underwood, 487 U.S. at 565-67 (declining to follow other language of H.R. Rep. No. 99-120 and holding that although the substantially justified standard is not a "high standard" requiring a "strong showing," meeting the standard does require at least "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion") (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

Here, after consideration, the Court finds that the government has met its burden of showing that its position was substantially justified. Stated simply, the government

5

presented clear arguments that were not without reason; in fact, the Magistrate Judge accepted the government's arguments and recommended that the Court affirm the Commissioner's final decision, indicating that "a reasonable person could think [the Commissioner's position] correct." Underwood, 487 U.S. at 566 n. 2. Although the Court was not ultimately persuaded by the Commissioner's position or the Magistrate Judge's recommendation, the Court believes that the Commissioner was substantially justified in arguing that the ALJ's evaluation of the Plaintiff's treating physician's opinion was correct, that is, the Court believes that the Commissioner's position had "a reasonable basis in law and fact." Id.; see also Evans v. Sullivan, 928 F.2d 109, 110 (4th Cir. 1991) ("[I]t would be a war with life's realities to reason that the position of every loser in a lawsuit upon final conclusion was unjustified."). Accordingly, the Court finds that attorney's fees should not be awarded in this case.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that the Plaintiff's motion for attorney's fees and costs pursuant to EAJA (Entry 46) is denied.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

June 12, 2014
Charleston, South Carolina